**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATERIN MONTANO RIVAS;<br>B. M. R. M.,<br><br>    Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No. 23-3947<br><br>Agency Nos.<br>A209-998-780<br>A209-998-781<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Katerin Montano Rivas and her minor daughter, B. M. R. M., are natives and

citizens of El Salvador.[1] Montano Rivas seeks review of an order of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] B. M. R. M. is a derivative beneficiary of Montano Rivas' asylum application. B. M. R. M. did not file separate applications for withholding of removal and CAT

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") (collectively "the Agency") denial of her request for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "When the BIA adopts an IJ's decision, but also adds its own reasoning, as occurred here, we review both decisions." *Kaur v. Ashcroft*, 388 F.3d 734, 736 (9th Cir. 2004). "We review purely legal questions de novo, and the [A]gency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the Agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the Agency's denial of Petitioners' application for asylum and Montano Rivas's application for withholding of removal. Montano Rivas argues that her experience of being extorted by MS-13 gang members bore a nexus to her membership in the particular social group ("PSG") of "Female Heads of Household." But substantial evidence supports the

---

protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

Agency's conclusion that this PSG is not cognizable because Montano Rivas has not offered evidence that such a group is "composed of members who share a common immutable characteristic," "defined with particularity," and "socially distinct within" El Salvadoran society. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (internal citations omitted). Substantial evidence also supports the Agency's conclusion that Montano Rivas was the target of general criminal activity that did not bear a nexus to a protected ground. *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A noncitizen's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. Substantial evidence supports the Agency's finding that Montano Rivas has not demonstrated that she faced a "particularized threat of torture" that would warrant relief under CAT. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation and emphasis omitted). Montano Rivas testified that she never reported the extortion she experienced to the El Salvadoran police. Nor has Montano Rivas provided evidence of governmental acquiescence beyond the general claim that the government of El Salvador "allow[s] criminals to behave with impunity." Substantial evidence also supports the Agency's conclusion that Montano Rivas did not establish a probability of future torture with the acquiescence of the El Salvadoran government. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir.

2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

23-3947